LeHan J. Tuck, C. Leslie Cordery.

| Alexander Beaudette | |
| vs. | No. 72239. |
| Avilino Cavedon et al. | |

November 19, 1928.

SUMNER, J. Plaintiff brought suit for certain work performed by him on premises controlled in part by the defendant. The jury returned a verdict for the plaintiff in the sum of $1497.08 and defendant has filed his motion for a new trial.

The plaintiff claimed that he took a contract to put sand on a beach which was under lease to the defendant and also to level up the ground and blow stumps on land which the defendant was interested in with others; that the contract was given him at a conference which he had with Messrs. Gregoire, Gauvin and Charlson; that the work was done in part on premises which subsequently came under the control of the Silver Lake Beach Amusement Company, but that nothing was said to him to indicate that he was doing business with a corporation and that he only subsequently learned that the corporation had been formed.

The defendant Cavedon, who was one of the promoters of the corporation, had control of the bathing beach in his own right. This control was never transferred to the corporation.

Plaintiff, at the time this contract was made, understood he was dealing with the three parties who made it, namely: Gregoire, Gauvin and Charlson. He claims, however, to have done considerable work on Cavedon's beach as well as on the rest of the property which Cavedon controlled with others.

There is no specific denial of the amount of work that plaintiff claims he performed and there is specific testimony corroborating this claim.

One Gauvin, a witness for plaintiff, testified that he was authorized by Messrs. Gregoire, Cavedon and Charlson, all of whom were interested in this park, to give the order to the plaintiff to do the work; that plaintiff brought sand to the beach, graded and did the other work which he had contracted to do.

The defendant Cavedon denied that plaintiff had done any work on the beach which he controlled or that he had authorized Gauvin to employ plaintiff to do the work on the park which they controlled in common. He also claims that if plaintiff did any work on the premises, he did it for the prospective corporation and should look to that corporation, which was subsequently formed, for his payment. The contract testified to by Gauvin and Beaudette was made before the corporation was organized and there is no evidence to show when the corporation actually commenced to do business,

nor is there any evidence to show that it ever ratified this contract.

It would seem, if the claim of the defendant is true, that the corporation would have promptly ratified the contract or taken some notice of it as soon as it commenced to do business, and the absence of any action on its part is significant.

The Court feels that the plaintiff has established his case and accordingly denies the motion of the defendant for a new trial.

For plaintiff: Felix A. Toupin.

For defendants: Greene, Kennedy & Greene.